# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEBRA A. ELLISON, <br><br> Plaintiff, <br><br> v. <br><br> TODD DELAIN, HEIDI MICHEL, RN E. BAKER, D. JENSEN, LPN EMILY BLOZINSKI, DR. KENECHI, BROWN COUNTY JAIL, and NP NATE, <br><br> Defendants. | Case No. 20-CV-174-JPS <br><br><br> **ORDER** |

Plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above-captioned action while incarcerated at the Brown County Jail. (Docket #1). In addition to her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Docket #4). Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1). The PLRA requires the Court to assess an initial partial filing fee ("IPFF") of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the IPFF is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *Id.* § 1915(b)(2).

Alongside her motion for leave to proceed without prepayment of the filing fee, Plaintiff filed a motion for an extension of time, in which she explained that she would be released from jail on March 13, 2020, and

would pay the filing fee in full once she was released. (Docket #5). Plaintiff also explained that if she did not pay the filing fee by then, the Court could dismiss the case. *Id.* Plaintiff never filed a certified copy of her trust account statement, so an initial partial filing fee could not be assessed. After considering the posture of the case, the Court denied Plaintiff's motion for leave to proceed without prepayment of the filing fee, and granted her motion for an extension of time. (Docket #6). In light of her impending release, the Court ordered her to file a renewed motion for leave to proceed *in forma pauperis* once she was released from prison, but no later than March 20, 2020.

That time has long since come and gone, and even allowing for delays caused by the COVID-19 pandemic, the Court has not heard a word from Plaintiff. Because Plaintiff has not complied with the Court's directive, much less shown any further interest in continuing the litigation, the case will be dismissed for Plaintiff's failure to comply with the Court's order. Civ. L.R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge